**UNITED STATES BANKRUPTCY CODE**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

_____

IN RE
  DONALD B. FLANAGAN                             Case No.:21-10472-JEB
    Debtor                                         Chapter 11, Subchapter V

_____

## DEBTOR'S MOTION TO VOLUNTARILY DISMISS CHAPTER 11 CASE

NOW COMES the debtor, Donald B. Flanagan, Jr. (the "Debtor") and, pursuant to 11 U.S.C. § 1112(b) respectfully moves the Court to enter an order dismissing this Chapter 11 case. In support of this Motion, the Debtor states the following:

**Procedural History and Background**

1. On April 5, 2021, the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code and elected to be proceed as a small business debtor pursuant to Subchapter V.

2. On July 6, 2021, the Debtor filed his Chapter 11 Plan of Reorganization (the "Plan")

3. Under the Plan, the Debtor proposes to pay creditors with the income he earns from his business In Force Technology, Inc. ("IFT"). In addition to the Debtor's IFT income, the Plan proposes that Plan Sponsors (Brandon Flanagan, Jan Flanagan and IFT) will also contribute funds derived from IFT's operations. Brandon Flanagan, the Debtor's son and IFT's president, has committed under the Plan to contribute $3,000 monthly from his earnings at IFT and the Debtor's wife, Jan Flanagan has committed to contributing $5,700 in monthly interest she earns on promissory notes given to her by IFT. Therefore, the feasibility and ultimate success of the Plan therefore is dependent upon IFT continuing to operate as a going concern and to continuing to pay the Debtor, Brandon and Mrs. Flanagan monthly.

4. As of the date of this Motion, a hearing on confirmation of the Plan has not been scheduled.

5. Since the inception of this case, the Debtor has endeavored to reach agreements with his creditors to formulate a consensual plan. These efforts remain ongoing following the filing of the Plan. While the Debtor has reached agreements with certain creditors and continues to negotiate with others, the Debtor does not believe that any consensual resolution with a particular creditor, Venturespire Group, Inc. ("VSG") is possible without protracted litigation concerning its claims against the Debtor in this Bankruptcy Case, as well as its claims against the Debtor's son, Brandon Flanagan and his company, In-Force Technology, Inc ("IFT").

**The Venturespire Group Claims**

6. In or around August 28, 2020, VSG's predecessor in interest, Kenneth Leftold, Jr. Trustee of the Copsync Liquiding Trust ] (the "Copsync Trustee") obtained a judgment against the Debtor and

Brandon Flanagan jointly and severally in the total amount of $187, in the Adversary Proceeding styled *Leftold et. al v. Flanagan*, et. al. AP No.:19-10004 (the "Louisiana Adversary Proceeding". In that same action, the Copsync Trustee also obtained a separate judgment against BSC in the total the amount of $731.239.75.

7. On June 8, 2021, VSG filed a proof of claim (the "VSG Claim") in the amount of $918,923.75. The VSG claim asserts that not only is the Debtor liable for the judgment entered against him in the matter of Louisiana Adversary Proceedings, but that he is also liable for the judgment entered separately against BCS in the same action, as well as vaguely asserted claims for "civil conspiracy" and unfair and deceptive business practiced under M.G.L. c. 93A.

8. On June 29, 2021, the Debtor filed an objection to the VSG Claim. A non-evidentiary hearing on the Debtor's Objection to the VSG Claim is presently scheduled for August 5, 2021.

9. VSG has also filed an action in the Middlesex Superior Court (the "Middlesex Action") against Brandon Flanagan and IFT seeking, among other things, to, (i) domesticate an out of state judgement against Brandon Flanagan (the same judgment for which the Debtor is jointly and severally liable), (ii) have IFT be deemed a successor entity and "mere continuation" of BCS; (iii) to have IFT made liable for the judgment obtained in the Louisiana Adversary Proceeding against BCS; and (iv) to pursue claims against IFT and Brandon Flanagan for civil conspiracy and for unfair and deceptive business practices under M.G.L. c. 93A.

10. IFT and Brandon Flanagan have each filed answers in the Middlesex Action and IFT opposed VSG's motion for trustee process, which was denied by the Middlesex Superior Court on June 28, 2021.

11. VSG brought the Middlesex Action against IFT despite the fact that BCS and IFT are difference businesses with different ownership, different business models, different addresses, different products, different offices and different equipment. Simply put, BCS was a sales company, which sold software owned by Copsync Inc. until its licensing agreement with Copsync was terminated in or around June 2017. IFT, in contrast, is a software company that has developed its own proprietary software which is sells directly to its own customers.

12. The issues raised in the Middlesex Action are nearly identical to the issues necessary to resolve the Debtor's Objection to the VSG Claim to resolve the Debtor's Objection to the VSG Claim: i.e. whether the Debtor is personally liable for VSG's claim against BCS, whether IFT is a "mere continuation" of BCS and whether the Debtor, Brandon Flanagan and/or IFT are liable for "civil conspiracy of unfair and deceptive business practices.

13. As noted above, IFT is the Debtor's sole current source of income and the primary mechanism for funding his Plan of reorganization. Therefore, IFT's continued operations, and its ability to

continue paying the Debtor and Plan Sponsors, is necessary for the Debtor to demonstrate feasibility and successfully implement the Plan. The outcome of the Middlesex Action will bear heavily on the feasibility of the Debtor's Plan. In short, if IFT is found liable for VSG's claims in the Middlesex Action, IFT's ability to pay the Debtor and Plan Sponsors as anticipated by the Plan will be in question.

14. The Debtor believes that a resolution of VSG's claims against IFT is a necessary for a determination of the feasibility of the Plan, or any similarly structured amended plan that relies on IFT's operations to support it. The Middlesex Superior Court's tracking schedule suggests that a judgment in the Middlesex Action will not be entered until June 2023[1]. The Debtor may be unable to confirm any Plan until a resolution of the Middlesex Action.

**Cause for Dismissal of the Case:**

15. 1112(b) provides that the Court shall convert of dismiss this case for cause upon the request of a party in interest. Although the term "cause" is not defined in § 1112(b) it does include a list of examples of "cause". See 11 U.S.C. §1112(b)(4). However, this list is not exclusive, and therefore a case may be converted or dismissed for other causes. *In re Gonic Realty Trust,* 909 F. 2d 624, 626-27 (1st Cir. 1990)(Court may have discretion in determining what additional circumstances constitute cause).

16. The Debtor does not argue that "cause" is based on any of the enumerated examples of cause found in § 1112(b).

17. Rather, the Debtor submits that the anticipated delay in resolving the Middlesex Action and the need to litigate the VSG claim in bankruptcy court while his company litigates similar claims in Superior Court defeats the purpose of this Chapter 11 case, which is to provide for a repayment of his debts in an orderly and expeditious manner.

**Dismissal is in the best interest of creditors:**

18. Pursuant to § 1112(b) of the Bankruptcy Code, upon request of a party in interest the Court may convert a Chapter 11 case to one under Chapter 7, or dismiss it, whichever is in the best interest of creditors.

19. Dismissal of this case is preferable to conversion because creditors would retain their rights to full payment of their claims (in whatever amount may be determined) from the Debtor and co-debtors. In the alternative, if the case were converted to one under Chapter 7, creditors would receive no more than $118,602.10. See Plan Liquidation Analysis, attached here as Exhibit 1.

---

[1] See "tickler schedule" at:
https://www.masscourts.org/eservices/search.page.3?x=EI8dzwK*NhEu85fYFjwa0zP5DhwzpmVo8tiFGAjFlX6Dl Ge2i8GrO4cSR*0quiKsghBhSuTzqIe-3dgsXUT72w

20. The Debtor has identified a total of $462,207 undisputed unsecured claims[2]. Taking into account VSG disputed claim, the asserted general unsecured claims total $1,193,447. Thus, based on the liquidation value of the Debtor's assets, unsecured creditors would stand to receive between 10% and 26% of their total claims, depending on the resolution of the disputed VSG claim.

21. If the case is not dismissed, creditors will be prejudiced by being unable to enforce their debts against the Debtor or to receive any distributions contemplated under the Plan. Given that the claims in the Middlesex Action are not anticipated to be resolved until 2023, this would be highly prejudicial to creditors.

22. Moreover, if this case is not dismissed, VSG will be required to litigate two separate actions (the Middlesex Action and the Debtor's claim objection) concerning essentially the same facts. Dismissal of this case will allow the Debtor to be joined in the Middlesex Action allowing VSG's claims against the Debtor, Brandon Flanagan and IFT to be consolidated and determined in one forum.

23. If the case is dismissed, creditors will retain all of their rights to full payment of their claims and may begin enforcing them immediately following dismissal.

24. Conversely, dismissal of this case will result in a negligible distribution for unsecured creditors.

25. Clearly, dismissal is in the best interest of creditors as they would stand to receive far less in a Chapter 7 liquidation than they would be entitled to receive following dismissal.

WHEREFORE the Debtor respectfully requests that the Court enter an order dismissing this case and granting such further and additional relief as the Court deems appropriate.

Respectfully submitted,
Donald B. Flanagan, Jr.
By his attorney,

Dated: August 4, 2021

/s/ Marques C. Lipton
Marques C. Lipton, BBO #676087
Lipton Law Group, LLC
945 Concord Street
Framingham, MA 01701
(508) 202-0681
marques@liptonlg.com

---

[2] This amount includes the unsecured claim of Richard Marden in the amount of $250,000 which is classified separately under the Plan but listed as undisputed, liquidated and non-contingent.

**UNITED STATES BANKRUPTCY CODE**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

_____

In re:
   DONALD B. FLANAGAN                         Case No.:21-10472-JEB
     Debtor                                   Chapter 11, Subchapter V

_____

## **CERTIFICATE OF SERVICE**

      I, Marques Lipton, hereby certify that I have this day served upon the following parties a true and correct copy of the Debtor's Motion to Voluntarily Dismiss Chapter 11 Case as follows:

**Via ECF**
Stephen Gray, Esq., Subchapter V Trustee
Paula Bachtell, Esq., United States Trustee
Tyler Casey, Esq., counsel for James L. Steenbruggen, et al.
Michael Feinman, Esq.counsel for First Electric Motor Service, Inc.
Benjamin Janke, Esq., counsel for Venture Spire Group, LLC
Martin Mooney, Esq., counsel for New Residential Mortgage Loan Trust
Marcus Pratt, Esq., counsel for U.S. Bank, National Association
Jefffrey Sternklar, Esq., counsel for Venture Spire Group, LLC
Christopher Vitenas, Counsel for Venture Spire Group, LLC
Jesse Redlenner, Esq., counsel for Boston Private Bank

**Via Email**
Donald Flanagan

Dated:  August 3, 2021                                            */s/ Marques C. Lipton*
                                                                            Marques C. Lipton